RECEIVED
USDC CLERK, CHARLESTON, SC

2006 NOV 27  P 2: 27

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Linnon Eugene Moore, #241476,  )    C. A. No. 2:06-1623-HMH-RSC
                               )
           Petitioner,         )
                               )
      -versus-                 )    **REPORT AND RECOMMENDATION**
                               )
George Hagan, Warden; State of )
South Carolina; Attorney       )
General of the State of South  )
Carolina,                      )
                               )
           Respondents.        )

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the Respondents' summary judgment motion filed on October 11, 2006.  28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Linnon Eugene Moore, is presently confined in the Allendale Correctional Institution of the South Carolina Department of Corrections (SCDC), pursuant to commitment orders from the Richland County Clerk of Court. The Richland County Grand Jury indicted Petitioner at the January 1996 term of court for kidnaping (96-GS-40-8761) and criminal sexual conduct with a minor in the first degree (96-GS-40-8762). The Richland County Grand Jury also indicted him at the March 1997 term of court for committing a lewd act on a minor (97-GS-40-21224). App. pp. 35-36, 42-43; 46-47. Tommy Evans, Esquire, represented him on these charges.

On March 25, 1997, Petitioner pled guilty to kidnaping (96-GS-40-8761) and CSC with a minor in the first degree (96-GS-40-8762) before the Honorable Thomas W. Cooper. Judge Cooper sentenced him to twenty-five years imprisonment for kidnaping and ten years for CSC with a minor in the first degree. Petitioner did not appeal his plea or sentence.

Petitioner filed a pro se Post-Conviction Relief (PCR) Application (99-CP-40-2243) on July 23, 1999, in which he alleged the following grounds for relief:

    1.    Ineffective Assistance of Counsel;

    2.    Judicial Misconduct;

    3.    Prosecutorial Misconduct; and

    4.    Involuntary Guilty Plea.

App. pp. 1-9.

The State filed its Return on September 9, 1999, and argued that the Application should be summarily dismissed because it was barred by the statute of limitations governing PCR applications, S.C. Code Ann. § 17-27-45(A) (Supp. 1999). App. pp. 10-12.

On September 30, 1999, Judge J. Ernest Kinard, Jr. signed an Order of Dismissal, in which he granted the State's motion and summarily dismissed the Application with prejudice because it was barred by § 17-27-45(A). App. pp. 31-34. On October 12, 1999, the Richland County Clerk of Court's Office served the State with a copy of Petitioner's October 5, 1999, letter to Judge Kinard

asking that he not sign the Order of Dismissal. The cover letter from the Clerk of Court's Office also indicated that Judge Kinard had directed that an evidentiary hearing be held in the matter at the next available term. Petitioner thereafter filed Petitioner's Response to the Order of Dismissal and request for a hearing. In this Response, he argued that he had not knowingly waived filing a PCR Application and would have timely filed his Application, but was not advised by his attorney of the statute of limitations.

The Honorable James W. Johnson, Jr., held a hearing on the State's motion to dismiss on March 30, 2000, at the Richland County Courthouse. Petitioner was present and testified at the hearing, and was represented by Tara Shurling, Esquire. App. pp. 13-30. Petitioner's testimony was that he did not file his PCR Application within one year of his conviction becoming final because he was unaware until 1999 that a sample of his saliva, which had been taken in connection with a paternity action to determine whether his wife's last child was his biological daughter, was used by the prosecution to connect him to the criminal sexual conduct with a minor charge. App. pp. 22-24. Therefore, he argued that this was after-discovered evidence and was timely under § 17-27-45(C).

On October 25, 2000, Judge Johnson filed an Order of Dismissal, in which he dismissed the Application for failure to

file within the statute of limitations. Because Petitioner knew that a sample of his saliva had been taken at the time it was taken from his mouth, the PCR judge found that there was not an allegation of after-discovered evidence that would be governed by § 17-27-45(C). Rather, the Application was barred by § 17-27-45(A) as untimely. A notice of appeal was served and filed.

Assistant Appellate Defender Robert M. Pachak, of the South Carolina Office of Appellate Defense, represented Petitioner in collateral appellate proceedings. On March 30, 2001, Pachak filed a <u>Johnson</u> Petition for Writ of Certiorari on Petitioner's behalf and moved to be relieved as counsel which presented the following question:

> Whether the one-year statute of limitations should have been applied to petitioner's case when he found after discovered evidence?

<u>Johnson</u> Petition for Writ of Certiorari at p. 1

The South Carolina Supreme Court filed an Order on June 22, 2001, in which it denied certiorari and granted counsel's petition to be relieved. The Court subsequently sent the Remittitur to the Richland County Clerk of Court on July 11, 2001.

On March 11, 2002, Petitioner filed a second <u>pro</u> <u>se</u> PCR Application (02-CP-40-1184), in which he alleged the following grounds for relief:

1. Ineffective assistance of counsel;

4

    2.    Trial Court error; and

    3.    Newly discovered evidence.

2002 Application for PCR.

The State filed its Return and Motion to Dismiss on June 6, 2002, and argued that it was entitled to summary dismissal of the 2002 Application because it was time-barred by § 17-27-45(A), and because it was barred as successive under S.C. Code Ann. § 17-27-90 (1985) and Aice v. State, 409 S.E.2d 392 (S.C. 1991).

A Rule to Show Cause was entered in this case on June 7, 2002, by the Honorable G. Thomas Cooper, giving Petitioner twenty days to show the court why the Application should not he dismissed as successive and time-barred. On June 28, 2002, the State served the Rule to Show Cause on Petitioner and it was filed on July 1, 2002. Petitioner did not make a timely response.

On November 17, 2003, Karen N. Fryar, Esquire, was appointed to represented Petitioner in his second PCR action. On May 28, 2004, Petitioner filed an "Amended Application for Post-Conviction Relief", in which he alleged the following grounds for relief:

    1.    Ineffective assistance of counsel of trial attorney; and

    2.    Ineffective assistance of counsel of PCR attorney.

On May 28, 2004, the Honorable Alison Renee Lee held a

5

hearing into the matter at the Richland County Courthouse at which Petitioner was present represented by Fryar. At the outset of the hearing, the State moved to summarily dismiss the Application. Judge Lee did not receive any testimony on the allegations and thereafter filed an Order on July 16, 2004, in which she granted the State's motion to summarily dismiss the 2002 Application, as amended.

On July 30, 2004, Petitioner, through counsel Fryar, filed a Motion for a New Trial and to Open, Alter, and Amend Judgment of the Court. Counsel argued that the Judge Lee had stopped her argument in response to the State's motion to dismiss; and that Petitioner had been prepared to testify in support of his allegations but that Judge Lee did not permit any testimony. Counsel further asserted that it was her impression that the case had been continued. On August 4, 2004, Respondents filed a Return to Motion for a New Trial and to Open, Alter, and Amend Judgment of the Court, and on August 15, 2004, Petitioner filed a Reply to Respondent's Return.

The Honorable G. Thomas Cooper, Jr., held an evidentiary hearing on Petitioner's motion on June 3, 2005, at the Richland County Courthouse at which Petitioner was present represented by Fryar. On September 23, 2005, Judge Cooper filed an Order of Dismissal, in which he denied relief and dismissed the

Application for failure to file within the statute of limitations and because it was successive.

Petitioner served and filed a timely notice of appeal. The South Carolina Supreme Court ordered Petitioner to inform the court of any arguable basis for asserting that the ruling of the PCR court was improper, as required by Rule 227(e), SCACR:  "If the lower court has determined that the post-conviction relief action is barred as successive or being untimely under the statute of limitations, the petitioner must, at the time the notice of appeal is filed, provide an explanation as to why this determination was improper. This explanation must contain sufficient facts, argument and citation to legal authority to show that there is an arguable basis for asserting that the determination by the lower court was improper.  If the petitioner fails to make a sufficient showing, the notice of appeal may be dismissed".  On November 2, 2005, the South Carolina Supreme Court dismissed the appeal because Petitioner's counsel failed to make the requisite showing.

Apparently[1], Petitioner moved for reconsideration and to reinstate the appeal.  The South Carolina Supreme Court denied that motion on March 22, 2006, and sent the Remittitur to the Richland County Clerk of Court on the same date.

---

[1] Respondents do not have a copy of this pleading and the South Carolina Supreme Court has not been able to locate its relevant file.

The following documents have been made part of the record here:

1. The Appendix to the March 30, 2001, <u>Johnson</u> Petition for Writ of Certiorari (1 vol.) (including the PCR Application; the Return and Motion to Dismiss; the PCR hearing transcript; the September 30, 1999, Order of Dismissal; and the Richland County Clerk of Court's records);

2. The Petitioner's Return to Respondent's Order of Dismissal;

3. The Petitioner's hearing request;

4. The October 25, 2000 Order of Dismissal;

5. March 30, 2001, <u>Johnson</u> Petition for Writ of Certiorari

6. The Order of the South Carolina Supreme Court dated June 22, 2001;

7. The July 11, 2001 Remittitur;

8. The Application for PCR (02-CP-40-1184);

9. The June 6, 2002 Return and Motion to Dismiss;

10. The June 7, 2002, Rule to Show Cause, which is mistakenly dated June 7, "2001;"

11. The November 17, 2003, letter appointing counsel;

12. The Amended Application for Post Conviction Relief;

13. The July 16, 2004 Order filed by the Honorable Alison Renee Lee summarily dismissing the Application;

14. The Motion for a New Trial and to Open, Alter and Amend the Judgment of the Court;

15. The Return to the Motion for a New Trial and to Open, Alter and Amend the Judgment of the Court;

16. The Reply to the Return to the Motion for a New Trial and to Open, Alter and Amend the Judgment of the Court;

17. The September 23, 2005 Order of Dismissal;

18. The October 21, 2005, letter from Karen Newell Fryar, Esquire, to the Hon. Daniel E. Shearouse;

19. The state supreme court's November 2, 2005, Order of Dismissal;

20. The March 22, 2006, Order denying Petition for Reconsideration and Reinstatement;

21. The March 22, 2006, Remittitur.

## HABEAS ALLEGATIONS

In this petition for a writ of habeas corpus under 28 U.S.C. § 2254, Petitioner asserted that he is being held in violation of the constitution for the following reasons:

> "**GROUND ONE:** Ineffective assistance of counsel of my trial attorney of denied me direct appeal.
>
> **SUPPORTING FACTS:** My trial counsel, Mr. Tommy Evans, Jr. have never informed me of the ten day appeal process. And he did not informed me of the right to appeal my conviction. He also never informed me of the right to appeal.
>
> **GROUND TWO:** Ineffective assistance of counsel trial attorney.
>
> **SUPPORTING FACTS:** My trial counsel, Mr. Tommy Evans, Jr. have withheld exculpatory evidence. That can favor me in my case.
>
> **GROUND THREE:** Ineffective assistance of counsel of my P.C.R. attorney.

9

> **SUPPORTING FACTS:** My P.C.R. counsel, Ms. Tara Dawn Shurling have failed to argue. That her client ... was deprived his right to a direct appeal due to ineffective assistance trial counsel ... and she had failed to argue NO chains of custody Mr. Moore as saliva from paternity dispute in the family court use in a criminals procedure.
>
> **GROUND FOUR:** Appellate Defense refuse to reinstate Mr. Moore lawyer, Ms. Karen N. Fryar's notice of appeal.
>
> **SUPPORTING FACTS:** The Appellate Defense have favor the Honorable G. Cooper Jr's decision by dismiss my lawyer Ms. Karen N. Fryar's Petition for Reconsideration and reinstate appeal in my case a notice appeal." (Sic)

The Petitioner was provided a copy of the Respondents' summary judgment motion on October 11, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner responded to the motion on November 6, 2006. Hence it appears consideration of the motion is appropriate.

## STATUTE OF LIMITATIONS

Giving the petitioner the benefit of the <u>Houston v. Lack</u>, 487 U.S. 266 (1987) "delivery" date, the instant petition was filed on May 24, 2006. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. <u>See</u>, <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply

10

to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A "properly filed application for state post-conviction relief" tolls the time for filing. 28 U.S.C. § 2244(d)(2).

While state collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000); <u>Coates v. Byrd</u>, 211 F.3d 1225, 1226 (11th Cir. 2000), it does not establish a right to file within one year after completion of collateral review. <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000) (an inmate does not have one year from the conclusion of state court collateral review; rather, one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court). Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court. <u>Crawley v. Catoe</u>, 257 F.3d 395, 298-99 (4th Cir. 2001) (the tolling of habeas limitations period ended on date state supreme court denied petitioner's request for rehearing of reversal of grant of state habeas petition; the one-year limitations period was not tolled during the period that

11

a petition for writ of certiorari to review the denial of state habeas corpus relief was pending before the United States Supreme Court).

## DISCUSSION

Dispositive of this action is the respondents' correct contention that the instant petition is untimely, having been filed outside the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A).

Petitioner's state court convictions became final ten days after his March 25, 1997, guilty plea because he did not appeal and that was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. See, Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction ···, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed"). Accordingly, Petitioner's convictions became final on April 7, 1997. Thereafter, he had one year, until April 8, 1998, within which to file a habeas corpus petition. He did not do so, but instead filed the instant petition over nine (9) years after his convictions became final.

In an abundance of caution, the undersigned will address the petitioner's two PCR Applications. Petitioner did not file his PCR Application (99-CP-40-2243) until July 23, 1999. This was eight hundred thirty-seven (837) days after his conviction became

final. However, even that Application was not a "properly filed" PCR Application, so as to toll the § 2244(d). In the October 25, 2000, Order of Dismissal, the PCR judge rejected Petitioner's argument of after-discovered evidence and dismissed the Application for failure to file within the statute of limitations which governs the filing of PCR applications, § 17-27-45(A).

In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Court found that an untimely PCR did not toll the AEDPA statute:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

Id. at 413.

Therefore, the limitations period in § 2244(d)(1)(A) began running on April 7, 1997, and ran prior to Petitioner's first PCR, which PCR would not have tolled the statute in any event. Id. at 413, 417.

Likewise, the limitations period in § 2244(d)(1)(A) ran well before his March 11, 2002, PCR Application (02-CP-40-1184), and that PCR also would not have tolled the statute in any event

because it was not a "properly filed" Application within the meaning of the AEDPA.

Consequently, under controlling AEDPA law, Petitioner filed the instant petition beyond the limitation period and the petition should be dismissed on that basis alone.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the respondents' motion for summary judgment be granted and this matter dismissed as filed beyond the one year statute of limitations of the AEDPA.

                            Respectfully Submitted,

                            Robert S. Carr
                            United State Magistrate Judge

Charleston, South Carolina

November 27, 2006


**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).